United States District Court
Southern District of Texas
**ENTERED**
March 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY BARNARD JUSTICE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-15-0251 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate, filed a *pro se* section 2254 habeas petition challenging his conviction and 99-year sentence for sexual assault. Respondent filed a motion for summary judgment (Docket Entry No. 13), to which petitioner filed a response (Docket Entry No. 17).

Based on careful consideration of the pleadings, the record, the motion and response, and the applicable law, the Court **GRANTS** the motion for summary judgment and dismisses this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

The jury heard evidence that petitioner sexually assaulted the complainant, and that DNA collected from complainant at the hospital matched that of petitioner. The jury found petitioner guilty, and the trial court sentenced him to 99 years' imprisonment, as enhanced by a prior conviction. The conviction was affirmed on appeal, and discretionary review was not pursued. *Justice v. State*, No. 01–12–00888–CR, 2013 WL 4774102 (Tex. App. —Houston [1st Dist.] 2013, no pet.). Petitioner's first application for state habeas relief was

denied by the Texas Court of Criminal Appeals. His second application for state habeas relief was dismissed as an abuse of the writ.

Petitioner raises the following claims for federal habeas relief in this proceeding:

1. Violation of his Fourth Amendment rights;

2. Prosecutorial misconduct in allowing a witness to testify to false extraneous offenses;

3. Trial court error in:

    a. failing to correct the false extraneous offense evidence; and

    b. failing to rule on petitioner's motion to dismiss counsel;

4. Ineffective assistance of trial counsel; and

5. Ineffective assistance of appellate counsel.

Respondent argues that these claims are unexhausted, procedurally barred, and/or without merit, and should be summarily dismissed.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011);

2

*Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.*, at 102–03 (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B.  <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed

facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. PROCEDURAL DEFAULT

Respondent argues that petitioner's claims for Fourth Amendment violations, ineffective assistance of trial counsel, and *Brady* error[1] were not raised on state collateral review and/or were not pursued in a petition for discretionary review. Respondent contends that the claims are therefore unexhausted, procedurally defaulted, and barred from consideration by this Court.

The record supports respondent's allegations that petitioner did not pursue these claims on state collateral review or through discretionary review. Consequently, petitioner's claims are unexhausted. If petitioner were to attempt to exhaust these claims by filing a third application for state habeas relief, the court would find those claims to be procedurally barred under the Texas abuse of the writ doctrine, codified at Texas Code of Criminal Procedure Article 11.07 § 4. It is well established that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and strictly. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995).

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

For this Court to reach the merits of these defaulted claims, petitioner must establish cause for the default and resulting prejudice, or show that the federal court's failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "Cause" is defined as "something external to the petitioner, something that cannot fairly be attributed to him" that impedes his efforts to comply with the procedural rule. *Id.* at 753. A *pro se* petitioner's ignorance of the legal significance of certain facts, however, does not constitute "cause," as such ignorance is not an objective, external factor preventing him from raising the claims in a prior petition. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). To demonstrate a fundamental miscarriage of justice in this context, a petitioner must establish that he is actually innocent of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner offers no evidence constituting sufficient cause for his failure to raise these claims on state collateral review or discretionary review, nor does he demonstrate actual prejudice as a result of the procedural default. Nor does he show that the Court's failure to consider the merits of his claims would result in a fundamental miscarriage of justice, as he does not assert, and makes no showing of, actual innocence. Consequently, the Court is precluded from considering these defaulted claims. Petitioner's claims for Fourth Amendment violations, ineffective assistance of trial counsel, and *Brady* violations are dismissed as procedurally defaulted and barred from consideration at this juncture.

Petitioner also alleges that appellate counsel was ineffective in filing an *Anders* brief on direct appeal instead of raising ineffective assistance of trial counsel. The state court record shows that petitioner raised ineffective assistance of appellate counsel in his first state habeas petition, but only as to appellate counsel's failure to raise prosecutorial misconduct and trial court error. Only in his second application for state habeas relief did petitioner claim ineffective assistance of appellate counsel based on counsel's failure to raise ineffective assistance of trial counsel. The Texas Court of Appeals dismissed this second habeas application as an abuse of the writ, and did not reach the merits of the claim.

It is well established that Texas law requires state habeas petitioners to present all of their state habeas claims in their first petition; therefore, "absent facts giving rise to one of the statutory exceptions, the Texas Court of Criminal Appeals will not entertain a new issue in a successive petition." *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir. 1998); *see also* TEX. CODE CRIM. PROC. art. 11.07 § 4(a). It is equally well established that the Texas abuse of the writ doctrine is an independent and adequate state procedural rule that is regularly and strictly applied by the Texas Court of Criminal Appeals. *Fearance*, 56 F.3d 633, 642 (5th Cir. 1995). Accordingly, petitioner's claim for ineffective assistance of appellate counsel is unexhausted and procedurally defaulted at this juncture, and the Court may not grant habeas relief on the issue. Petitioner establishes neither cause nor prejudice for the default, nor does he establish that a miscarriage of justice will result if the Court does not address the issue. Respondent is entitled to summary judgment dismissal of this claim.

## IV. PROSECUTORIAL MISCONDUCT

Petitioner next claims that the prosecutor knowingly allowed a police detective witness to present false testimony regarding petitioner's extraneous offenses. In rejecting petitioner's claim on state habeas review, the trial court found that, "The applicant's conclusory allegations are not enough to warrant habeas relief." *Ex parte Justice*, p. 13.

The state court record shows that, during the guilt-innocence phase of trial, defense counsel asked a police investigator why she did not attempt to contact petitioner prior to his arrest to get his side of the story. The witness asked whether she could answer the question, and the State and defense counsel approached the judge for a bench conference. The record reflects the following exchange at the bench:

> THE STATE: I just wanted to approach before she answered that question because I know what her answer is going to be.
>
> THE COURT: What is that?
>
> THE STATE: That she ran all of his priors and that he had never once cooperated or been willing to talk to law enforcement before in any other offense report.
>
> DEFENSE COUNSEL: Well, I hope she says – I don't mind if she says that.
>
> THE STATE: Okay. That's fine. I wanted to approach.
>
> DEFENSE COUNSEL: Well, hold on a second. I've got an idea. Just basically saying based on my investigation, I had no reason to believe he would cooperate. Is that fair without indicating –
>
> THE STATE: And that's what it was. It was with the prior –

|                | (End of conference)                                                                                                                                          |
|----------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------|
| THE COURT:     | What was the question that was posed, Trish?                                                                                                                 |
|                | (Read back of last question).                                                                                                                                |
| THE COURT:     | All right. You can answer the question.                                                                                                                      |
| THE STATE:     | May I admonish – can I say one more thing, Judge?                                                                                                            |
| THE COURT:     | No. She can answer the question.                                                                                                                             |
| THE STATE:     | Okay.                                                                                                                                                        |
| THE COURT:     | Go ahead.                                                                                                                                                    |
| THE WITNESS:   | In past instances, he hasn't cooperated with the police investigations. There were two other investigations and he was uncooperative with the police.        |

(Docket Entry No. 11-16, pp. 167–68.)

In his response to the motion for summary judgment, petitioner urges in support of his claim that, "The mere fact that the Prosecutor [] stopped the proceedings to ask for a bench conference is proof enough that a violation was about to take place and after careful discussion of the same evidence that should NOT have been stated was said anyway, without any CURATIVE INSTRUCTIONS." (Docket Entry No. 17, p. 2, original emphasis.) In short, petitioner claims that the prosecutor's actions prove that she knew what she was doing was wrong and that petitioner's constitutional rights were violated by her prosecutorial misconduct.

9

Contrary to petitioner's conclusory allegations, the trial excerpt shows not prosecutorial wrong doing, but rather, careful actions by the State to obtain a ruling on the anticipated testimony. Moreover, when defense counsel was made aware of the anticipated testimony, counsel and the state attempted to reach an agreement as to how the evidence would be presented, but the trial court did not allow the State to first admonish the witness or say anything else.

Prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000); *accord Greer v. Miller*, 483 U.S. 756, 765 (1987). In turn, a trial will not be deemed fundamentally unfair unless "there is a reasonable probability that the verdict might have been different had the trial been properly conducted." *Barrientes*, 221 F.3d at 753. Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410–11 (5th Cir. 1987). Petitioner fails to meet his burden of proving that the prosecutor deliberately and intentionally stopped the trial to make sure improper evidence would be admitted.

Petitioner also makes unclear and conclusory claims that the prosecution knowingly used perjured testimony in obtaining the conviction. It is settled that the prosecution may not knowingly use perjured testimony or allow perjured testimony to go uncorrected. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *see also Giglio v. United States*, 405 U.S. 150, 154

(1972). To prove a due process violation in such a case, a petitioner must demonstrate (1) that the testimony in question was actually false, (2) that the prosecutor was aware of the falsity, and (3) that the testimony was material. *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). Perjured testimony is material only when "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Barrientes*, 221 F.3d at 756; *see also United States v. Washington*, 44 F.3d 1271, 1282 (5th Cir. 1995) (holding the materiality prong not met where allegedly perjured statements have nothing to do with defendant's guilt or innocence and evidence of guilt is overwhelming). Contradictory testimony from witnesses, inconsistencies within a witness's testimony, and conflicts between reports, written statements and the trial testimony of prosecution witnesses do not, standing alone, establish perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory testimony from witnesses or inconsistencies in a witness' testimony at trial are to be resolved by the trier of fact and do not suffice to establish that certain testimony was perjured).

Petitioner's disagreements with certain testimony or evidence do not establish perjury. Petitioner fails to meet his burden of proving that testimony or evidence was false, that the prosecutor was actually aware of the falseness, or that the testimony was material. No due process violation or prosecutorial misconduct is established.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable

11

application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## V.  TRIAL COURT ERROR

Petitioner further claims that the trial court erred or abused its discretion in failing to correct false extraneous offense evidence and in failing to rule on petitioner's motion to dismiss counsel due to a conflict of interest. In rejecting petitioner's claims on state habeas review, the trial court found that, "The applicant's conclusory allegations are not enough to warrant habeas relief." *Ex parte Justice*, p. 13.

Petitioner's complaints regarding the alleged false extraneous offense evidence focus on the same trial incident petitioner raised as prosecutorial misconduct above. To the extent petitioner claims that the purported extraneous offense evidence was false and "not corrected," his conclusory assertions are unsupported and fall well short of his burden of proof under the AEDPA standard of review. Moreover, trial counsel did not object to the purported testimony No trial court error is shown. Even assuming error, petitioner fails to meet his heavy burden under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), to prove that he was actually prejudiced by the error. "Actual prejudice" involves a determination of whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Id.* In making that determination, the federal habeas court must review the entire record so as to fully consider all the ways in which the complained-of error could have infected the course of the trial. *Cupit v. Whitley*, 28 F.3d 532, 538 (5th Cir. 1994). The

witness here did not testify to any details regarding prior criminal offenses, and petitioner does not establish actual prejudice. Having fully considered the entire record, the Court cannot find that the complained-of testimony had a substantial and injurious effect or influence in determining the jury's verdict.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

Petitioner fares no better on his claim that the trial court refused to address trial counsel's alleged conflict of interest. Petitioner states that he filed a *pro se* motion with the trial court informing the court that counsel had a conflict of interest, but no hearing was set or ruling made. The record shows that petitioner filed numerous *pro se* motions while represented by counsel. On October 26, 2011, petitioner filed a *pro se* "Motion to Dismiss Court Appointed Attorney and Appoint New Counsel." C.R. at 36–37. As grounds for new counsel, petitioner stated that his current defense counsel "has taken no affirmative action to preserve and protect valuable rights of the defendant" and that he "lacks personal knowledge of defendant in this cause," and that petitioner "by way of and because counsel lacks knowledge in this cause has no faith and confidence in aforesaid." *Id.* at 36. No factual allegations supporting these generalized claims were set forth in the motion.

The Sixth Amendment guarantees a defendant the right to counsel. This right includes the right to an attorney who is not "burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692. Here, petitioner does not establish that trial counsel labored under an actual conflict or that any alleged conflict adversely affected counsel's performance. Moreover, because petitioner did not set forth any factual allegations or grounds for an actual conflict of interest in his motion, he cannot fault the trial court for failing to investigate an unstated conflict of interest. Petitioner fails to meet his burden of proof under AEDPA.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to dismissal of these claims.

## VI. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 13) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on MAR 1 4 2016.

ALFRED H. BENNET
UNITED STATES DISTRICT JUDGE